JOSEPHINE FIORE
*vs.*
ALICE B. PRIOR ET AL.

Superior Court     New Haven County     File No. 61126

MEMORANDUM FILED JUNE 9, 1942.

*Morris B. Snaider,* and *Alfonse Fasano,* of New Haven, for the Plaintiff.

*Louis Shafer,* of New Haven, for the Defendants.

FOSTER, J.   On the evening of August 9, 1940, the plaintiff spent the evening with her mother at the latter's home on Columbus Avenue in New Haven.   At 10:05 p.m. she entered the automobile of a friend, Thomas Savarese, and they started for the plaintiff's home not far away in New Haven. The plaintiff was riding on the right side of the front seat, Thomas Savarese, who was operating the automobile, being on her left.

West Street runs north and south and is intersected ‚by Frank Street, which runs east and west.   The automobile in which the plaintiff was a passenger was operated in a south-

erly direction on the west side of West Street. At that time the defendant William Prior was operating an automobile owned by his wife, the defendant Alice B. Prior, in an easterly direction on Frank Street. Prior made a wide turn to the left north into West Street and without warning or excuse turned suddenly toward the automobile in which the plaintiff was a passenger. What is termed a head-on collision resulted.

That the collision was proximately caused by the negligence of Prior without any contributory negligence of any one else there can be no question. In the trial he hardly disputes this fact. After the collision the odor of alcohol was upon his breath, he mumbled, and he seemed in a drowsy condition. The negligence of the defendant William Prior consisted of the operation of his automobile carelessly without regard to the width and traffic and use of the public highway and the intersection of streets; and in so operating an automobile upon a public highway as to endanger the life and limb of other persons; in failing to give the automobile in which the plaintiff was a passenger half of the travelled portion of the highway, when in fact it was practicable, and in failing to give such automobile a fair and equal opportunity to pass; in failing to have his automobile under proper control.

Both of the defendants claim that the automobile was not a family car and that at the time in question the defendant William Prior was not the agent of the defendant Alice B Prior. That the automobile was the property of Alice B. Prior is conceded. She testifies that she permitted her husband to use the automobile to carry him to and from work and for pleasure, when she was with him. They both testify that William Prior did not have the consent of Alice B. Prior to use the automobile otherwise except by her special permission. Upon all the evidence I discredit this testimony of both of the defendants. It is the only theory upon which the defendants can escape liability to the plaintiff, and they have both chosen to so testify and rely upon such defense. Upon cross-examination the defendant Alice B. Prior in effect testifies that she and her husband used the automobile as a family car for the pleasure of both of them as well as to convey each of them to and from work.

I find as a fact that the automobile operated by the defendant William Prior was a family car and that at the time

of the collision in question William Prior was acting as the duly authorized agent of the defendant Alice B. Prior in operating the automobile.

The collision caused the plaintiff to be thrown forward against the windshield of the automobile in which she was a passenger, breaking the glass. She suffered six clean cuts on the face and scalp, causing much hemorrhage. She suffered two cuts on the left cheek, each leaving a scar about one-half inch in length; two cuts over the right eye, each leaving a permanent scar, one one-quarter inch in length and one one-half inch in length.

She suffered two cuts in the scalp. She was removed to a hospital, where she remained 12 days. She had been working in a laundry for $13 a week and was unable to resume her work for three months after receiving the injuries. She suffered considerable pain and for a time continuous headaches. Her hospital bill was $94, and her doctor's bill was $77.

Judgment is rendered that the plaintiff recover from the defendants damages of $1,800.